T 212.350.8850

W davidllc.com

60 Broad Street, Suite 2900
New York, NY 10004

September 29, 2026

**BY ECF**

Hon. Ronnie Abrams, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Harris v. DeepIntent Technologies, Inc.*, Case No. 1:25-cv-08949 (S.D.N.Y.)

Dear Judge Abrams:

Plaintiffs Nina Harris and Gerald Harris ("Plaintiffs") and Defendant DeepIntent Technologies, Inc. ("DeepIntent") jointly submit this letter motion requesting that the Court stay discovery and adjourn the discovery-related deadlines established by the April 10, 2026 Case Management Plan and Scheduling Order (ECF No. 37) (the "Scheduling Order"), pending resolution of DeepIntent's motion to dismiss the First Amended Complaint.

By way of background, Plaintiffs filed the operative First Amended Complaint on March 19, 2026. ECF No. 29. On May 26, 2026, DeepIntent moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the First Amended Complaint in its entirety. ECF Nos. 40–42 (the "Motion to Dismiss"). Briefing on the Motion to Dismiss was completed on July 24, 2026. *See* ECF Nos. 45–46.[1]

In accordance with the Court's Scheduling Order, the parties have proceeded with initial discovery during the pendency of the Motion to Dismiss. Through that process, it has become apparent that discovery in this action will be substantial and technically complex. In particular, Plaintiffs have sought discovery from DeepIntent concerning, among other subjects, the design, configuration, implementation, and operation of DeepIntent's pixel and related technologies; the information allegedly transmitted from health-related websites visited by Plaintiffs and other putative class members to DeepIntent via those technologies; and DeepIntent's processing and

[1] Pursuant to Rule 1(D) of the Court's Individual Rules and Practices, the parties note that the Scheduling Order currently requires the completion of fact discovery, including depositions, by March 1, 2027, and of expert discovery by August 30, 2027, and sets a telephone conference for March 5, 2027 at 11:00 a.m. This is the first request by either party to stay discovery or to modify the deadlines established by the Scheduling Order.

use of that information. DeepIntent anticipates that responding to such discovery will require the collection, review, and production of a significant volume of electronically stored information and technical materials, as well as testimony explaining the relevant technologies. Moreover, Plaintiffs anticipate that substantial discovery from third parties is necessary, including the health-related websites alleged to have implemented DeepIntent's technologies. In addition, the parties' exchanges to date indicate that questions concerning the proper scope of this discovery will likely generate disputes requiring the Court's attention.

Accordingly, to preserve the parties' and the Court's time and resources, the parties respectfully request that the Court stay discovery and adjourn the current discovery-related deadlines pending resolution of DeepIntent's motion to dismiss the First Amended Complaint.

Under Federal Rule of Civil Procedure 26(c), courts may, for good cause, stay discovery pending resolution of a dispositive motion. *See Richardson v. City of New York*, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (granting joint motion for stay of discovery pending motion to dismiss). In deciding whether to grant such a stay, courts in this District consider the strength of the pending motion, the breadth of discovery and the burden of responding to it, and the risk of unfair prejudice to the party opposing the stay. *See id.* The parties respectfully submit that good cause exists here for three reasons.

*First*, a stay is warranted because DeepIntent has moved under Rules 12(b)(1) and 12(b)(6) to dismiss the First Amended Complaint in its entirety. While Plaintiffs oppose the Motion to Dismiss, its resolution could dispose of all or part of the action. *See id.* at *2 (stay warranted where the pending motion to dismiss could dispose of some or all of the claims); *Gagliano v. United States*, 2025 WL 1104042, at *4 (E.D.N.Y. Apr. 14, 2025) ("[W]here, like here, the sole defendant seeks to dismiss the entirety of the complaint, a stay is appropriate"); *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery where the defendant's Rule 12(b)(1) motion raised "substantial arguments" concerning the plaintiff's lack of standing and the court's lack of jurisdiction).

In addition, to the extent that the Motion is denied or granted only in part, staying discovery pending the Court's decision will allow the parties to tailor any subsequent discovery to the claims that proceed.

*Second*, "the potential scope of discovery weighs in favor of granting a stay of discovery." *See Gagliano*, 2025 WL 1104042, at *4. As noted above, based on the parties' discovery requests and meet-and-confers to date, discovery in this action will be broad and technically complex. Continuing discovery while the Motion to Dismiss remains pending will require substantial expenditure of time and resources, including by the Court, concerning claims or issues that may be narrowed or eliminated. *See Alloway v. Bowlero Corp.*, 2024 WL 4827752, at *6 (E.D.N.Y. Nov. 18, 2024) (recognizing that a stay would permit the parties to "avoid substantial hardship" and "prevent a waste of precious resources . . . pending the outcome of the motion to dismiss"); *Romain v. Webster Bank N.A.*, 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety . . . as requested").

*Third*, a stay of discovery would not prejudice either party. This is a joint application: both Plaintiffs and DeepIntent seek a stay of discovery pending a ruling on the Motion to Dismiss. *See Richardson*, 2022 WL 2003340, at *2; *Goris v. Deloitte*, 2025 WL 1636079, at *1 (S.D.N.Y. June 9, 2025) ("As Plaintiff has joined in the motion to stay discovery, the Court sees no resulting prejudice to him."); *Brannon v. Colgate-Palmolive Co.*, No. 25-cv-10288 (RA), ECF No. 22 (S.D.N.Y. Apr. 9, 2026) (granting stay of discovery pending motion to dismiss where plaintiff did not oppose stay but "disagree[d]" with defendant's "assessment of the merits of Plaintiff's case"); *Concern for Indep. Living, Inc. v. Town of Southampton, New York*, 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

Accordingly, the parties respectfully request that the Court stay discovery and all discovery-related deadlines established by the Scheduling Order, and adjourn *sine die* the telephone conference currently scheduled for March 5, 2027, pending the Court's ruling on DeepIntent's Motion to Dismiss. The parties respectfully suggest that the Court further require that, if any of Plaintiffs' claims remain following the Court's ruling on the Motion to Dismiss, the parties shall meet and confer and submit a revised proposed scheduling order within 14 days after the Court issues its decision.

Respectfully submitted,

*<u>/s/ Adam M. Harris</u>*
Adam M. Harris
Andrew Cauchi
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, NY 10004
Tel.: 212-350-8850
adam.harris@davidllc.com
andrew.cauchi@davidllc.com

Michael Acciavatti (*pro hac vice*)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel.: 212-594-5300
macciavatti@milberg.com

*Attorneys for Plaintiffs Nina Harris, Gerald Harris, and the Putative Classes*

*<u>/s/ Michael D. Silberfarb</u>*
Michael D. Silberfarb
Philip N. Yannella
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
Michael.Silberfarb@blankrome.com
Philip.Yannella@blankrome.com

*Attorneys for Defendant DeepIntent Technologies, Inc.*

Application granted. Given the stay of discovery, the post-fact discovery conference originally scheduled for March 5, 2027 is hereby adjourned sine die.

SO ORDERED.

Hon. Ronnie Abrams
September 30, 2026